William J. Mattix (MT Bar No. 2419)
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT 59103-2529
Telephone:  (406) 252-3441
Facsimile:  (406) 256-0277
Email:  wmattix@crowleyfleck.com

*Attorneys for Plaintiff Clear Spring Property and Casualty Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLEAR SPRING PROPERTY and CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ROGERS d/b/a ROGERS CONTRUCTION,<br><br>Defendant. | Cause No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW plaintiff Clear Spring Property and Casualty Company, by and through its attorneys of record, and for its complaint for declaratory relief against defendant James Rogers d/b/a Rogers Construction alleges as follows:

*Complaint for Declaratory Relief Page 1*

**Parties**

1. Clear Spring Property and Casualty Company is a citizen of the state of Texas and having its principal place of business at 227 West Monroe, Suite 3950, Chicago, Illinois, 60606.

2. James Rogers d/b/a Rogers Construction ("Rogers") is a citizen of the state of Montana, and residing a 100 Vista Court, Lakeside, Flathead County, Montana 59922.

**Jurisdiction and Venue**

3. The United States District Court for the District of Montana has jurisdiction over this civil cause pursuant to 28 U.S.C. §1332(a) because there is complete diversity between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is proper in the Missoula Division of the United States District Court for the District of Montana because the events giving rise to this civil cause occurred in Flathead County, Montana.

**Factual Background**

5. On or about November 24, 2021, defendant Rogers entered into a Construction Contract with Ken and Rebecca Matejek for construction of a single-family home at 112 Timber Avenue, Columbia Falls, Flathead County, Montana, 59912. A copy of the Construction Contract is attached as Exhibit 1.

6. Pursuant to the terms of the Construction Contract, defendant Rogers agreed to provide all services, material, and labor for the construction of the Matejeks' home, including all building and construction materials, necessary labor and site security, and all required tools and machinery needed for completion of construction.

7. Pursuant to the terms of the Construction Contract, defendant Rogers warranted, *inter alia*, to provide services and to meet his obligations under the Construction Contract in a timely and workmanlike manner, using knowledge and recommendations for performing the services which met the generally accepted standard in defendant Roger's community and region, and to provide a standard of care equal or superior to the care used by similar service providers on similar projects.

8. Subsequent to November 24, 2021, a dispute arose between defendant Rogers and the Matejeks concerning construction of the Matejeks' home.

9. On or about May 16, 2023, the Matejeks filed suit against defendant Rogers in the Eleventh District Court of the State of Montana, Flathead County, entitled *Ken and Rebecca Matejek, Plaintiffs, vs. James ("Jim") Rogers and Rogers Construction, LLC, Defendants*, Cause No. CV-23-603, alleging claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) deceit; (4) actual fraud; (5) constructive fraud; (6) negligent misrepresentation;

(7) negligence; (8) negligent infliction of emotional distress; (9) loss of consortium; (10) nuisance; (11) construction defect; and (12) slander of title.

10. Clear Spring Property and Casualty Company is providing a defense to defendant Rogers under a reservation of rights.

**The Commercial Lines Policy**

11. Clear Spring Property and Casualty Company issued a Commercial Lines Policy to James Rogers d/b/a Rogers Construction, Policy No. CB000433902, with effective dates of May 30, 2022 through May 30, 2023.

12. The Commercial General Liability Coverage Form to the policy provides standard insuring language: "We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies." The insurance applies to "bodily injury" and "property damage" only if they are caused by an "occurrence" during the policy period.

13. The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same harmful conditions." The policy states that "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The subject policy states that "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

14. Coverage under the subject policy will only be triggered if the Matejeks suffered "bodily injury" or "property damage" that was caused by an "occurrence" as defined by the subject policy.  The subject policy also excludes coverage for "bodily injury" arising out of "personal and advertising injury."  Exclusion o.

15. The **Business Operations** provision of the **Your Classification Statements** in the General Liability Application Summary of the subject policy states, in pertinent part:

    **91340 – Carpentry – Residential**

                               ***

    The following operations are not included in this classification:

- New home construction (Residential work performed prior to the structure being approved for occupancy such as new ground up construction),
- Exterior framing work as a subcontractor,
- Structural demolition of an entire residence or commercial building,
- Remodel or personally owned property for resale (Flipping),
- Exterior Insulation and Finish Systems (EIFS) work,
- Waterproofing of foundations or building walls performed by you,
- Installation of security bars on doors or windows,
- Warranty work for builders,

- Fire, water or mold damage remediation,
- Burglar alarm/emergency systems work performed by you,
- Greenhouse work,
- Underpinning or shoring work performed by you,
- Insulated concrete forms,
- Roof decks,
- Solar energy panel work performed by you,
- Wine cellar, wine refrigeration or Sauna and steam rooms.

**99746 – Tile/Stone Installation**

*\*\*\**

The following operations are not included in this classification:

- Swimming pool or spa work,
- Roofing operations,
- Retaining wall work,
- Foundation work or repairs,
- Swimming pool coping,
- Fabrication, manufacturing of sale items not installed by the unsured,
- Rental of equipment to others,
- Waterproofing of foundations or building walls performed by you,
- Application of epoxy on foundations or building walls performed by you.

17. The Construction Contract between defendant Rogers and the Matejeks was for ground-up construction of a new, single-family residential home prior to the structure being approved for occupancy.

18. The subject policy also provides that coverage for "bodily injury' and "property damage" is limited to bodily injury and/or property damage that is caused by or results from the business described in the above-referenced schedule. The

*Complaint for Declaratory Relief Page 6*

policy likewise provides that the insurance applies to "personal and advertising injury" caused by an offense in course of the business described in that schedule.

19. The subject policy incudes an endorsement containing an exclusion for **Prior Completed or Abandoned Work**. This endorsement provides that this insurance does not apply, and Clear Spring Property and Casualty Company shall have no duty to defend any claim or "suit" seeking damages for, "bodily injury", "property damage", or "personal and advertising injury" arising out of "your work": (1) completed prior to the date shown in the schedule of this endorsement; or (2) abandoned by the insured prior to the date shown in the schedule of this end endorsement. As used in this endorsement, "abandoned" means: the failure to provide labor, materials, or services for a period of ninety (90) days, despite the work set forth in the controlling construction project not being deemed complete by the Owner.

20. The policy includes an endorsement regarding **Independent Contractors** which states:

> The insured hereby represents that:
>
> 1. Commercial general liability insurance coverage for "bodily injury" and "property damage" will be required for all contractors and sub-contractors performing work or operations on behalf of any insured; and the insured shall obtain certificates of insurance from all contractors and sub-contractors performing work or operations on behalf of any insured. Such insurance will be in effect during the duration

of the time work is being performed on behalf of any insured; and that,

2. The insured will be named as an "additional insured" on the required coverages described in Item 1. above and that,

3. The minimum limits and coverages thus required of all contractors and sub-contractors performing work or operations on behalf of any insured shall be;

| REQUIRED LIMIT | COMMERCIAL GENERAL LIABILITY FORM |
|---|---|
| $ 1,000,000 | General Aggregate |
| $ 1,000,000 | Products/Completed Operations Aggregate |
| $ 1,000, 000 | Each Occurrence; |

4. Any coverage that might otherwise exist under this policy for claims against any insured based on work done for or on behalf of any insured by a contractor or subcontractor is expressly excess over, and will not contribute with, the insurance required under this endorsement. No duty to defend or indemnify any insured under this policy for any claims that are or should be covered under the policies required of contractors and subcontractors under this endorsement will exist absent exhaustion of all such contractors' and subcontractors' policies.

The insured understands that this insurance policy has been issued upon these representations.

21. Upon information and belief, defendant Rogers did not require the contractors and/or sub-contractors performing work on the Matejeks' home to obtain commercial general liability insurance in the minimum limits required by the subject policy and/or did not require the contractors and/or subcontractors performing work

on the Matejeks' home to name James Rogers or James Rogers d/b/a Rogers Construction as an additional named insured on the required coverages.

22. The subject policy also provides that the insurance does not apply to, and Clear Spring Property and Casualty Company shall have no duty to defend, any suit seeking damages for bodily injury, property damage, or personal and advertising injury arising out of work performed on [the insured's] behalf by unlicensed contractors.

23. The subject policy further excludes coverage for bodily injury, property damage, or personal and advertising injury arising out of the rendering or failure to render any professional service. **Changes in Commercial General Liability** at Exclusion D.5 (Professional Services).

24. **Exclusion – Designated Work** modifies the Commercial General Liability Coverage Part and the Products/Completed Operations liability Coverage Part of your policy and excludes coverage for the construction of new homes as a general contractor or developer.

> Exclusion a. of the policy excludes coverage for:
>
> "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

25. Exclusion j. **Damage To Property** applies when damage is alleged to have occurred before the insured's work is completed.  Under this exclusion, there is no coverage for:

> "Property damage" to:
>
> (1)  Property you own, rent or occupy….
>
> (2)  Premises you sell, give away or abandon….
>
> (3)  Property loaned to you;
>
> (4) Personal property in the care, custody and control of the insured;
>
> (5) That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> \*    \*    \*
>
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "Products-completed operations hazard."

26. The policy defines "**your work**" for purposes of subsection 6 of Exclusion j. as follows:

> "Your work"
>
> a.  Means:
>
> (1) Work or operations performed by you or on your behalf; and
>
> (2) Materials, parts, or equipment furnished in connection with such work or operations.

    b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance, or use of "your work;" and

(2) the providing of or failure to provide warnings or instructions. The failure to perform work in a timely manner, the failure to perform work in a workmanlike manner and the failure to complete work fall within the definition of "your work."

27. The subject policy contains an exception to Exclusion j. for "products-completed operations hazard." The subject policy defines this as:

    a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your work" except:

    (1)    Products that are still in your physical possession; or

    (2)    Work that has not been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        (a)    When all of the worked called for in your contract has been completed.

        (b)    When all the work to be done at the job site has been completed if your contract calls for work at more than one job site.

        (c)    When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

> Work that may need service, maintenance, correction, repair or replacement but which is otherwise complete, will be treated as completed.

28. To the extent that the Matejeks' complaint alleges that defendant Rogers did not complete the work contemplated under the contract, Exclusion j. would be the applicable exclusion.

29. Exclusion k., **Damage to Your Product**, excludes coverage for "property damage" to "your product" arising of it or any part of it." "Your product" includes the goods handled by the insured and includes any warranties about the fitness or quality of the material.

30. Exclusion l., **Damage to Your Work**, may be applicable if damages occurred after your work was completed. In that case, Exclusion l. and the product-completed operations hazard may apply. The exclusion excludes coverage for:

> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

31. Exclusion m. **Damage to Impaired Property Or Property Not Physically Injured** excludes coverage for:

> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1) A defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work"; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

>This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

The policy defines "impaired property" as "tangible property, other than 'your product' or 'your work', that cannot be used or is less useful because: (a). It incorporates 'your product' or 'your work' that is known or thought to be defective, deficient, inadequate or dangerous; or (b). You have failed to fulfill the terms of a contract or agreement."

32. Exclusion b., **Contractual Liability**, excludes coverage for bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages.

>(1) That the insured would have in the absence of the contract or agreement; or
>
>(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
>>(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
>>
>>(b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative

> dispute resolution proceeding in which damages to which this insurance applies are alleged.

33. Exclusion f. under Coverage B, Personal and Advertising Injury Liability, excludes coverage for personal and advertising injury arising out of breach of contract except an implied contract to use another's idea in the insured's advertisement as defined.

**Declaratory Judgment**

34. Plaintiff reasserts and incorporates by reference paragraphs 1 through 33, inclusive, of its complaint as if set forth hereat verbatim.

35. This complaint is made pursuant to the Montana Uniform Declaratory Judgment Act, MONT. CODE ANN. § 39-8-101 *et seq.*, and all applicable provisions thereof.

36. Plaintiff has been providing defense to defendant Rogers pursuant to a reservation of rights for the claims asserted by the Matejeks' in their complaint in the civil cause entitled *Ken and Rebecca Matejek, Plaintiffs, vs. James ("Jim") Rogers and Rogers Construction, LLC, Defendants*, Cause No. CV-23-603 in the Eleventh District Court of the State of Montana, Flathead County.

37. The subject policy excludes coverage for all of the claims asserted by the Matejeks' in their complaint in the civil cause entitled *Ken and Rebecca Matejek, Plaintiffs, vs. James ("Jim") Rogers and Rogers Construction, LLC, Defendants*,

Cause No. CV-23-603 in the Eleventh District Court of the State of Montana, Flathead County.

38.   Plaintiff is entitled to a judgment declaring that the subject policy provides no coverage for the claims asserted by the Matejeks in their complaint in the civil cause entitled *Ken and Rebecca Matejek, Plaintiffs, vs. James ("Jim") Rogers and Rogers Construction, LLC, Defendants*, Cause No. CV-23-603 in the Eleventh District Court of the State of Montana, Flathead County.

39.   Plaintiff is entitled to a judgment declaring that Clear Spring Property and Casualty Company has no duty to indemnify defendant for the claims asserted by the Matejeks in their complaint in the civil cause entitled *Ken and Rebecca Matejek, Plaintiffs, vs. James ("Jim") Rogers and Rogers Construction, LLC, Defendants*, Cause No. CV-23-603 in the Eleventh District Court of the State of Montana, Flathead County.

40.   Plaintiff is entitled to a judgment declaring that Clear Spring Property and Casualty Company has no duty to continue providing a defense to defendant Rogers for the claims asserted by the Matejeks in their complaint in the civil cause entitled *Ken and Rebecca Matejek, Plaintiffs, vs. James ("Jim") Rogers and Rogers Construction, LLC, Defendants*, Cause No. CV-23-603 in the Eleventh District Court of the State of Montana, Flathead County.

WHEREFORE, plaintiff Clear Spring Property and Casualty Company prays judgment from the court as follows:

1. For a judgment declaring that the Commercial Lines Policy, Policy No. CB000433902, issued to James Rogers d/b/a Rogers Construction by Clear Spring Property and Casualty Company does not provide coverage for any of the claims asserted by Ken and Rebecca Matejek in the civil cause entitled *Ken and Rebecca Matejek, Plaintiffs, vs. James ("Jim") Rogers and Rogers Construction, LLC, Defendants*, Cause No. CV-23-603 in the Eleventh District Court of the State of Montana, Flathead County;

2. For a judgment declaring that Clear Spring Property and Casualty Company does not have a duty to indemnify defendant Rogers for any of the claims asserted by Ken and Rebecca Matejek in the civil cause entitled *Ken and Rebecca Matejek, Plaintiffs, vs. James ("Jim") Rogers and Rogers Construction, LLC, Defendants*, Cause No. CV-23-603 in the Eleventh District Court of the State of Montana, Flathead County;

3. For a judgment declaring that Clear Spring Property and Casualty Company does not have a duty to continue providing a defense to defendant Rogers for any of the claims asserted by Ken and Rebecca Matejek in the civil cause entitled *Ken and Rebecca Matejek, Plaintiffs, vs. James ("Jim") Rogers and Rogers Construction,*

*LLC, Defendants*, Cause No. CV-23-603 in the Eleventh District Court of the State of Montana, Flathead County;

4. For such of plaintiff's costs and attorney' fees as may be properly awardable under the applicable provisions of the Montana Uniform Declaratory Judgments Act, MONT. CODE ANN. § 39-8-101 *et seq*.;

5. For such other and further relief as to the court seems just and proper under the circumstances.

Dated this 29th day of August, 2023.

                CROWLEY FLECK PLLP

                By */s/William J. Mattix*
                WILLIAM J. MATTIX (MT Bar No. 2419)
                *Attorneys for Plaintiff Clear Spring Property and Casualty Company*