IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLEAR SPRING PROPERTY AND CASUALTY COMPANY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES ROGERS d/b/a ROGERS CONSTRUCTION,<br><br>　　　　　Defendant. | CV-23-98-M-KLD<br><br><br><br>ORDER |

　　　Ken Matejek and Rebecca Matejek (collectively "the Matejeks") have filed a motion for leave to intervene as a defendant in this insurance coverage declaratory judgment action as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). Plaintiff Clear Spring Property and Casualty Company ("CSPCP") and Defendant James Rogers d/b/a Rogers Construction ("Rogers") do not oppose the motion. (Doc. 14 at 2).

　　　A litigant seeking to intervene as of right under Fed. R. Civ. P. 24(a)(2) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so

1

situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *DBSI/TRI IV Ltd. Partnership v. United States,* 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

All four criteria for intervention as of right are satisfied in this case. This case is in its earliest stages, and there is no indication that allowing the Matejeks to participate will prejudice the existing parties. The Matejeks moved to intervene without delay, and their motion is thus timely. CSPCP brings this action seeking a

declaration that it does not have a duty to defend or indemnify Rogers in an underlying lawsuit by the Matejeks. (Doc. 1). The underlying lawsuit alleges claims arising out of Rogers' obligations under a contract to build the Matejeks' home. As detailed in their supporting brief, the Matejeks have a significant protectible interest that may be impaired as a result of this litigation because, if the Court declares that CSPCP is not required to defend or indemnify Rogers under the Commercial Lines Policy it issued to him, that ruling will likely impact the Matejeks' ability to recover damages should they prevail in the underlying action. Finally, the Matejeks have shown that their interests are not adequately represented by the existing parties. CSPCP has a stated interest in denying coverage to Rogers. While Rogers generally shares the Matejeks' interest in ensuring coverage under the CSPCP policy, he does not share the same interest in the outcome of the underlying claims, and does not share the Matejeks' significant economic and other unique interests related to the construction of their home.

Because the Matejeks satisfy the criteria for intervention as of right under Rule 24(a)(2) and no existing party argues otherwise,

IT IS ORDERED that the Matejeks motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) is GRANTED. The Clerk of Court is directed to add the Matejeks as Defendant-Intervenors, and the case caption shall be modified

accordingly.

IT IS FURTHER ORDERED that the Matejeks shall promptly refile the Proposed Answer (Doc.14-2) attached to their motion to intervene. The preliminary pretrial conference in this case will proceed as scheduled via Zoom at 11:00 a.m. on December 5, 2023. Counsel for the Matejeks may, but will not be required to, participate in the conference. Regardless of whether their counsel chooses to participate, the Matejeks will be required to comply with all deadlines established in the forthcoming scheduling order.

DATED this 1st day of December, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge